## Fratoni Estate

*James R. Caiola*, for appellants.

*Paul P. Wisler* and *Leonard A. Talone*, for executrix.

TAXIS, P. J., October 1, 1962.—In this appeal from probate the pivotal question is whether or not a post-nuptial agreement, by implication, revokes the will provision designating the surviving spouse as executrix.

Augostino Fratoni died on April 6, 1962, a resident of Montgomery County. He was survived by a widow, Pierina Galie Fratoni, and a number of brothers and sisters who live in Italy.

On April 30, 1962, a will dated May 7, 1930, was offered for probate. In this will the widow was the sole beneficiary and was also named as the executrix. The brothers and sisters of decedent filed a caveat on May 9, 1962. They assert that a post-nuptial agreement executed on December 21, 1949, between decedent and his wife and in which the husband and wife mutually released their interest in each other's estates bars the widow from serving as executrix. Although the will was probated, the register of wills has not granted letters testamentary to Pierina Fratoni, the widow, because of the caveat filed by appellants. The register certified the matter to this court on August 21, 1962.

At the outset it must be kept in mind that the problem presented by this appeal raises a question of probate and not of distribution.

Section 305 (a) of the Fiduciaries Act of April 18, 1949, P. L. 512 provides: "Letters testamentary *shall* be granted by the register to the executor designated in the will. . . ." The surviving spouse in this case is so designated in this probated will. Why should she not therefore be granted letters testamentary? It is conceded that the probated will is valid and that there is no challenge concerning its validity on the ground of lack of capacity, undue influence, forgery, improper execution, or otherwise.

Appellant argues that since the widow released all interest in her husband's estate by way of the post-nuptial agreement, she therefore released her right to serve as executrix and therefore she should not admini-

ster this estate; that the post-nuptial agreement, which she executed, impliedly revoked this will provision designating her as the executrix.

The short answer to such argument is, however, that the post-nuptial agreement deals with problems of distribution of the estate. This is a matter in which distribution is not now before the court. The question presented is one of probate. Furthermore, an executorship is not such an "interest" in the estate which is intended to be released by a post-nuptial agreement unless expressly provided by its terms. Cf. Hetzel Will, 3 Fiduc. Rep. 564; Winters' Estate, 57 D. & C. 433. Ordinarily, the interest intended to be released by an ante or post-nuptial agreement is an interest in the distributive share of the estate.

In the instant case a valid will having been established and probated, the register should have granted letters testamentary to Pierina Fratoni. It is conceded that the widow is not disqualified by reason of the provisions of section 306 of the Fiduciaries Act.

Contestant-appellants argue vigorously that it would be an anomaly to permit a surviving spouse who has no financial interest in decedent's estate to administer such estate where it appears that ultimate distribution will probably be by the intestate laws to collaterals. Actually, section 305(a) together with section 306 of the Fiduciaries Act of 1949, if complied with, gives the register no discretion in refusing letters testamentary when the executor is so designated by will. This statute mandatorily says that letters testamentary "shall be granted." Interest or lack of interest in the estate of the executor is of no moment.

The same may not be so, however, where there is an intestacy and letters of administration are sought. In this type of situation interest in an estate may be and usually is an important guide to the register. See section 305(b). Kowtko Estate, 2 Fiduc. Rep. 651, is a

typical case involving intestacy and is of little aid in the present case.

Although the fact may be that in this case the probated instrument accomplishes only one thing, namely, appointment of an executor, it is still a valid will: Hunter O.C. Wills, §1(c).

And now, October 1, 1962, the appeal from probate is dismissed and the register of wills is directed to grant letters testamentary to the widow, Pierina Fratoni, forthwith.